Date signed January 03, 2008



```
                                    _____
                                            PAUL MANNES
                                       U. S. BANKRUPTCY JUDGE
```

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| **In Re:**<br>**Johnny Ward and Deborah Ward,**<br>            **Debtors.** | **Case No. 04-23913PM**<br>**Chapter 13** |
| **First Franklin, a Division of National**<br>**City Bank of Indiana, and South Point, Inc.,**<br>            **Plaintiffs,**<br>**v.**<br><br>**Johnny Ward and Deborah Ward,**<br>**U.S. Homeowners Assistance Service, LLC**<br>**and Jamie Johnson,**<br>            **Defendants.** | **Adversary No. 07-0296PM** |
| **Johnny Ward and Deborah Ward,**<br>            **Counter-Claimants,**<br>**v.**<br><br>**First Franklin, a Division of National**<br>**City Bank of Indiana,**<br>            **Counter-Defendant.** | |
| **Johnny Ward and Deborah Ward,**<br>            **Cross-Claimant,**<br><br>**v.**<br><br>**U.S. Homeowners Assistance Service, LLC**<br>**and Jamie Johnson,**<br>            **Cross-Defendants.** | |

**MEMORANDUM OF DECISION**

The court has before it the Motion of the Debtors/Defendants/Counter- and Cross-Claimants Johnny Ward and Deborah Ward ("the Wards") to Dismiss the Complaint or for Summary Judgment as to the Co-Plaintiff South Point, Inc. ("South Point").

South Point was added as a plaintiff after the filing of this adversary proceeding pursuant to a Consent Motion filed by all parties-in-interest, following South Point's acquisition from the previous holder of a Note secured by a Deed of Trust for the subject property known as 14502 Danube Lane, Mitchellville, Maryland ("the Property"), from the original plaintiff, First Franklin, a Division of National City Bank of Indiana. As to Counts I and II, the Motion seeks a ruling that South Point is not a *bona fide* purchaser without knowledge of the defects in the obligation secured by the Deed of Trust. The Motion attacks Count III because there is no allegation that South Point advanced any funds for the benefit of the Wards, and, thus, there is no basis for a claim for equitable subordination.

The following is a chronology of the events relevant to this dispute:

1. The Wards filed this bankruptcy case under Chapter 13 on June 9, 2004.

2. At the time of filing, the Wards owned the Property that is the subject of this controversy. The Wards' Schedule A lists the Property with a value of $108,673.00, subject to a debt in the sum of $208,167.00 held by GMAC Mortgage Corporation ("GMAC").

3. GMAC filed a Proof of Claim on June 22, 2004, relating to a Note secured by a Deed of Trust upon the Property in the sum of $239,502.86, with pre-petition arrears of $39,819.59.

4. On October 28, 2004, GMAC filed a motion for relief from the automatic stay of 11 U.S.C. § 362(a) alleging that the Wards failed to make three payments following the filing of this bankruptcy case and, since the filing of this case, were further in arrears in the sum of $6,417.44, including fees and costs.

5. On December 30, 2004, GMAC and the Wards entered into a Consent Order modifying the automatic stay whereby the Wards agreed to repay the post-filing arrears, then in the sum of $9,903.50, together with fees and costs of $650.00, over a six-month period beginning January 15, 2005, and to commence making regular monthly payments of $1,922.48

beginning January 1, 2005.  The Order further provided for the termination of the automatic stay in the event of the failure to cure defaults under the Consent Order.

      6.  On January 27, 2005, the Wards executed a Special Power of Attorney authorizing Craig White of U.S. Homeowners Assistance Services, LLC to execute all pertinent papers regarding the Property, including but not limited to deeds, deeds of trust and all required settlement powers.  This document was recorded on March 16, 2006.

      7.  On January 31, 2005, an Order was entered confirming the Wards' Amended Chapter 13 Plan.  The Plan provided for monthly payments of $67.00 for six months, $500.00 for the next six months and then escalating to $2,836.00.

      8.  On May 18, 2005, GMAC filed a certificate of the Wards' failure to cure a default in performance of the Consent Order.

      9.  On July 7, 2005, on the Wards' motion, the court passed an Order authorizing the Wards to refinance the obligation secured by the Property.

      10.  On February 22, 2006, the Wards signed a sales contract with Jamie Johnson as buyer.  The price stated was $565,000.00, with all closing costs paid by the seller.  No settlement date was stated in the contract.

      11.  On March 9, 2006, the Property was conveyed by Deed to Jamie Johnson.  The Deed was signed by Craig White as attorney-in-fact and was recorded on March 16, 2006, immediately after the Special Power of Attorney described in paragraph 6 above.  The Deed of Trust signed by Jamie Johnson securing a loan made by First Franklin in the sum of $452,000.00 was then recorded immediately following the Deed.  The HUD-1 Settlement Statement was signed by Craig White as attorney-in-fact for the Wards.  Craig White also signed an Affidavit required by the title insurer, stating, *inter alia*, that the Affiant was not in an active bankruptcy proceeding or, if in bankruptcy, that the Affiant was given permission to sell the Property.  Plaintiff alleges that, as a result of the machinations of Craig White, that he or an entity controlled by him received over $100,000.00 of the sales proceeds.  The Wards' share of the sale proceeds was a check dated March 26, 2006, for $80,000.00 that was deposited directly into the trust account of their attorney where these funds are now said to repose.  The Wards were relieved of their obligation to GMAC.

      12.  On March 14, 2006, the Wards signed a Revocation of the Special Power of Attorney given to Craig White and U.S. Homeowners Assistance, LLC.  Nothing in the record reflects when or whether this Revocation was recorded among the land records.

This case involves discrete questions of Maryland real property law. The first issue deals with the effect of the transfer from First Franklin to South Point. The court holds that under MD. CODE ANN. REAL PROP. § 2-103 (2003) that South Point stands in the shoes of First Franklin, with no more and no less rights than its assignor. As to the transaction itself, by virtue of the title examination, there exists a question of fact as to whether First Franklin/South Point had knowledge of the pending bankruptcy case and the effect of such knowledge.

Another issue that the court has before it is the effect of the Revocation of the Power of Attorney given to Craig White. If, as the Wards claim, the Revocation was recorded after the signing of the Deed but prior to its recordation, is the Deed to Jamie Johnson a viable instrument for the transfer of title? The court's research finds no controlling Maryland precedent.[1]

Resolution of these issues will require a trial. However, it is suggested that the parties present an agreed statement of facts that would shorten the time required for trial and possibly enable the court to advance the scheduled trial date.

An appropriate order will be entered.


cc:   First Franklin
      4601 Powder Mill Road
      Centerpark Two #600
      Calverton, MD 20705

      Dale Kerbin Cathell
      Jason W. Hardman
      Jodie E. Buchman
      Richard M. Kremen
      DLA Piper US LLP
      The Marbury Building
      6225 Smith Avenue
      Baltimore, MD 21209-3600

      South Point
      c/o Jodie E. Buchman
      DLA Piper US LLP
      6225 Smith Avenue
      Baltimore, MD 21209

---

[1] This question is susceptible to certification to the Maryland Court of Appeals pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 12-603 (2006).

Johnny Ward and Deborah Ward
14502 Danube Lane
Mitchellville, MD 20721

Michael Gregg Morin
P.O. Box 778
Severn, MD 21144-0778

Scott C. Borison
5500 Buckeystown Pike
Frederick, MD 21703

U.S. Homeowners Assistance Services, LLC
c/o Craig White, Resident Agent
5814 Hil Mar Drive
Forestville, MD 20747

Douglas B. Riley
Logan Russack, LLP
2530 Riva Road, Suite 400
Annapolis, MD 21401

Jamie Johnson
4501 Woodgate Way
Bowie, MD 20720

**End of Memorandum**